### In re STANLEY DRUG CO.
#### No. 19971–77b.

District Court, E. D. Pennsylvania.
Jan. 31, 1938.

Evans & Wernick and Abraham Wernick, all of Philadelphia, Pa., for debtor.

Wexler & Weisman and Morris Weisman, all of Philadelphia, Pa., for exceptants.

KIRKPATRICK, District Judge.

The special master has filed a report recommending that the plan of reorganiza-

tion be confirmed by the court. The debtor owns no real estate, and the only interests involved are those of common stockholders and general creditors. The plan of reorganization is simply a composition with the creditors by which they will receive 20 per cent. of their claims in cash. Certain creditors who are also stockholders, or whose claims have been guaranteed by stockholders, have filed waivers of their right to participate in the distribution.

At the time the master reported, 83 per cent., in amount, of the creditors had accepted the plan. Since that time I am advised that the acceptances amount to more than 90 per cent. These exceptions have been filed by 3 creditors, whose claims total $2,400, out of 440 creditors and total claims of approximately $150,000.

As was pointed out in Re Peyton Realty Company, D. C., 18 F.Supp. 822, the court would not be relieved of the duty of passing upon the fairness of the plan even though no one appeared objecting to it. Nor is it by any means conclusive of its fairness that it has been almost unanimously accepted, though the latter fact is certainly not to be ignored. Particularly in a case like this, where the creditors are for the most part not uninformed investors but businessmen with substantial interests involved, it may be assumed that they know, probably better than anyone else, what they want and what is best for their own interests.

The mere fact that the plan of reorganization is not more or less than a composition with general creditors which might have been presented under section 12 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 30, is not of itself a reason why the court must disapprove it. Every plan of reorganization involves a debtor and creditors and every reorganization is in the broad sense a composition. Downtown Inv. Ass'n v. Boston Met. Bldgs., 1 Cir., 81 F.2d 314. These parties had to deal with an extremely simple debtor and creditor situation. There is no reason why the court should insist that it be complicated in order to give it the appearance of a corporate reorganization. If the creditors prefer to take cash rather than to acquire interests in the reorganized company, there is no reason why they should not be permitted to do so. The test does not lie in the characteristics of the plan presented but whether it is fair and feasible. That means whether it is economically expedient, without discrimination or destruction of vested rights. In re R. L. Witters Associates, D. C., 19 F.Supp. 648, 651.

Undoubtedly if the financial condition of a debtor indicates that there is no reasonable prospect for continued useful existence, and that the only possible expedient from a business standpoint is immediate liquidation, the proceedings should be dismissed at the outset as not filed in good faith. In re Grigsby-Grunow, 7 Cir. 77 F.2d 200.

It is also true that a plan which is in substance a composition with creditors will not be confirmed if the court is satisfied that the value of the property is such that creditors' interests are being unfairly subordinated to stockholders' interests. If the case of In re Dutch Woodcraft Shops, D. C., 14 F.Supp. 467, goes farther than that I can only say that it is not in agreement with the decision of this court in Re Peyton Realty Company, supra, in which case we held that section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, does not require that every plan approved as fair and equitable should be of such nature that it would withstand attack by nonassenting creditors asserting their strict legal rights, as those rights were defined for equity receiverships in the Boyd Case. Northern P. R. Co. v. Boyd, 228 U.S. 482, 33 S.Ct. 554, 57 L.Ed. 931. However, if the master's findings as to value of assets are correct, and I feel confident that they are, there was nothing in this plan which would not meet the strictest test of the cases before the amendment.

The master found as a fact that there was no alternative to approval of the plan other than liquidation. In other words the creditors did not want to take stock interests in a reorganized company, and the debtor could offer no more than 20 per cent. cash. The master also found that upon liquidation the probability was that these creditors would not receive dividends of more than 9 per cent. It might be less. He was thoroughly familiar with the entire situation and made a very careful analysis of testimony as to values. It cannot be correct to say that he considered nothing other than the liquidation value. That, of course, was a very important factor if liquidation was the only alternative. However, there was testimony as to going concern value, and it is evident that, if on liquidation this property could pay

only 9 per cent., the 20 per cent. composition approved by the master includes a recognition of some additional value which could only have been going concern value.

The exceptions are dismissed, and the plan of reorganization will be approved and confirmed.