**In the Matter of COLORADO TRUST DEED FUNDS, INC., Debtor.**

**No. 6949.**

United States Court of Appeals
Tenth Circuit.

Nov. 19, 1962.

Russell W. Bartels, Denver, Colo., for Colorado Trust Deed Funds, Inc.

J. Kirk Windle, Attorney, Securities and Exchange Commission (Peter A. Dammann, General Counsel, David Ferber, Associate General Counsel, Thomas B. Hart, Regional Administrator, and William D. Scheid, Attorney, Securities and Exchange Commission), for Securities and Exchange Commission.

Robert Swanson, Denver, Colo., receiver for Colorado Trust Deed Funds, Inc., amicus curiæ.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is whether the trial court erred in dismissing a petition for reorganization under Chapter 10 of the Bankruptcy Act [1] upon the ground that the petition was not filed in good faith.

The statute provides that a trial judge shall dismiss a Chapter 10 petition if he is not satisfied that it has been filed in good faith.[2] Good faith is defined by 11 U.S.C. § 546 which, so far as is pertinent, reads:

> "Without limiting the generality of the meaning of the term 'good faith', a petition shall be deemed not to be filed in good faith if—
>
> \* \* \* \* \* \*
>
> "(2) adequate relief would be obtainable by a debtor's petition under the provisions of chapter 11 of this title; or

---

1. 11 U.S.C. §§ 501–676.

2. 11 U.S.C. § 541.

"(3) it is unreasonable to expect that a plan of reorganization can be effected; or

"(4) a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding."

When the petition was filed the court referred it to a referee in bankruptcy sitting as a special master. No objections to the petition were presented. After a hearing at which Debtor, representatives of the Securities and Exchange Commission (SEC), and attorneys for the sole stockholder of Debtor appeared, the Master made findings of fact and conclusions of law and recommended that the petition be dismissed as not filed in good faith because of each of the § 546 grounds listed above. The court, with some modifications not here material, adopted the Master's report.

Debtor and Mortgage Underwriting Corporation (Underwriting) are wholly owned subsidiaries of Mortgage Insurance Company of America, all the stock of which is owned by one Thomas.

Debtor was in the investment business and dealt in trust deeds. It issued certificates which were in the form of promissory notes. Underwriting obtained the trust deeds, transferred them to Debtor, sold the certificates of Debtor, and paid all the operating costs of Debtor. Underwriting had the opportunity for all profits arising through the acquisition of the trust deeds at a discount.

Cash investors bought certificates of Debtor having a face value of $154,490. Through arrangements made by Thomas or his agents, Debtor issued certificates having a face value of about $420,300 to investors in a fourth corporation, Colorado Trust Deed and Mortgage Markets, Inc. (Markets), in ostensible exchange for trust deeds acquired from Markets by those to whom such certificates were issued. In the Markets transactions certificates of Debtor in the amount of about $50,000 were issued without the receipt by Debtor of any trust deeds in exchange, and certificates for about $130,000 were issued in exchange for trust deeds without value because of foreclosure. The balance sheet submitted with the Chapter 10 petition showed offsetting items, listed as contingent assets and contingent liabilities, amounting to $420,300 and apparently representing the face value of the certificates issued by Debtor in the transactions with the Markets investors. The balance sheet showed an excess of liabilities over assets in the sum of $26,446.43.

Prior to the filing of the Chapter 10 petition, the SEC brought an action for injunction and receivership against Debtor and others charging violations of the Securities Act. A consent injunction was obtained and the application for receivership was deferred. After the dismissal of the Chapter 10 petition the court appointed a receiver for Debtor.

We do not have an adversary proceeding before us. No one has come forward with an objection to the allowance of the Chapter 10 petition. The SEC supports Debtor in its protest against the dismissal. The attorney for the receiver has filed a brief as amicus curiae which presents a helpful exposition of the issues but does not take sides on the disputed questions.

A court must dismiss a Chapter 10 proceeding when want of good faith appears on the part of the petitioner.[3] Formal pleadings in opposition are not necessary for the court to determine the question of good faith.[4] The burden of demonstrating good faith is on the petitioner and the court's finding

3. First Nat. Bank of Wellston v. Conway Road Estates Co., 8 Cir., 94 F.2d 736, 739, certiorari denied 304 U.S. 578, 58 S.Ct. 1047, 82 L.Ed. 1541. Cf. Tennessee Publishing Co. v. American National Bank, 299 U.S. 18, 22, 57 S.Ct. 85, 81 L.Ed. 13.

4. In re Grigsby-Grunow Co., 7 Cir., 77 F.2d 200, 203.

on good faith will not be set aside unless clearly erroneous.[5]

■ Debtor and the SEC urge that the finding concerning the availability of Chapter 11 is wrong because Chapter 11 may not be used when secured creditors are present and that the certificate holders are secured creditors. They contest the finding that no reason exists to believe that a plan of reorganization can be effected and say that such finding is based on the misconception that Chapter 10 is not available because a trust is involved.

The conceptual equivocation in Debtor's offering circular is such that doubt exists as to whether the certificate holders are secured or unsecured, whether Debtor is the trustee of a trust of which they are the beneficiaries, or just what their status is. The determination of the rights of the certificate holders and of Debtor should be made in an adversary proceeding. We decline to define such rights in this proceeding and reject the two mentioned reasons as establishing the lack of good faith.

The trial court also found an absence of good faith on the statutory ground that the prior and pending receivership proceeding would best serve the interests of creditors and stockholders. Chapter 10 requires[6] that a petition for relief shall state "the specific facts showing the need for relief." In Marine Harbor Properties, Inc., v. Manufacturers Trust Co., 317 U.S. 78, 84, 63 S.Ct. 93, 87 L.Ed. 64, rehearing denied 317 U.S. 710, 63 S.Ct. 254, 87 L.Ed. 566, the court reviewed the background of the good faith provision relating to prior proceedings and said:

"In view of that history, it seems clear that, when a prior proceeding is pending, a petitioner's showing of 'need for relief' under Ch. X, required to be contained in every petition by the express provisions of § 130(7), must demonstrate that at least in some substantial particular the prior proceedings withhold or deny creditors or stockholders benefits, advantages, or protection which Ch. X affords. In absence of such a showing, the 'need for relief' has not been established and the District Court is not enabled to make an informed judgment on the 'good faith' issue."

The petition herein fails to satisfy this requirement and neither the evidence nor the arguments of Debtor or the SEC cure the fault. So far as stockholders are concerned, Debtor has only one. To maintain his insolvent company he will have to put some cash into it and he can do that just as well in receivership as he can in Chapter 10 proceedings. Debtor's effort to show a willingness by the one stockholder to make a financial contribution is so equivocal and conditional that it merits no discussion. Whatever the offer is, Debtor makes no showing that it may not be utilized just as well in receivership as in Chapter 10 proceedings.

The rights of the certificate holders, whether those paying cash or those transferred from Markets, can be as well resolved under receivership as under Chapter 10. The rights and status of certificate holders and the liability to them from Debtor and its management pose no unusual difficulties to an equity receivership. If liquidation is necessary, the principle that Congress did not intend Chapter 10 to be used "for the mere purpose of liquidation" applies.[7]

Debtor has failed to sustain the burden of demonstrating that the prior receivership proceedings will not best serve the stockholders and creditors. The court's finding of lack of good faith on this ground is sustained by the evidence and

5. Grubbs v. Pettit, 2 Cir., 282 F.2d 557, 562, and cases cited therein.

6. 11 U.S.C. § 530(7), § 130(7) of the Bankruptcy Act.

7. Fidelity Assurance Association v. Sims, 318 U.S. 608, 621, 63 S.Ct. 807, 87 L. Ed. 1032.

is not clearly erroneous. The rights and status of the creditors and stockholders present questions which are left open for future consideration.

Affirmed.