CLAYBROOK DRILLING COMPANY, a corporation, Appellant,

v.

DIVANCO, INC., and Henry D. Hughes, Appellees.

In the Matter of DIVANCO, INC., Debtor.

No. 7499.

United States Court of Appeals Tenth Circuit.

Sept. 28, 1964.

---

Neal A. Sullivan (Allen G. Nichols, Wewoka, Okl., on the brief), for appellant.

Phil E. Daugherty, Oklahoma City, Okl. (Cecil W. Rote, Oklahoma City, Okl., on the brief), for appellee Henry D. Hughes, Jr.

Loyd Benefield, Oklahoma City, Okl., for appellee Divanco Oil Co., successor to Divanco, Inc., C. D. Northcutt, Trustee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an appeal from an order in a corporate reorganization proceeding under Chapter X of the bankruptcy laws.[1] The order in dispute determined a claim of appellant Claybrook Drilling Company (Claybrook). The transactions out of which the claim arose occurred after confirmation of a plan for the reorganization of appellee Divanco, Inc. The determinative issue is the jurisdiction of the trial court to enter the disputed order.

The incomplete and garbled record before us has a mystifying quality which suggests that the case was presented on the undisclosed knowledge of the lawyers and decided on the judicial intuition of the trial court. We must decide the appeal on the facts disclosed by the record and on law rather than impulse.

A plan for reorganization of appellee Divanco, Inc., was submitted to the trustee on March 11, 1960. The court, on April 18, 1960, confirmed the plan and retained jurisdiction. A $50,000 payment, required by the plan, was made on April 11, 1960, by appellee Hughes. Orders were entered for the determination of amounts due creditors, for the disbursement of funds, and for the payment of fees to the trustee and his attorney. The court approved a change of name from Divanco, Inc., to Divanco Oil Company. On August 1, 1960, the trustee submitted a final report which consisted of a balance sheet and supporting material. No action was taken on this report. On October 24, 1961, the trustee filed a paper entitled "APPLICATION TO COMPEL DEBTOR CORPORATION AND REORGANIZERS TO COMPLY WITH PLAN OF REORGANIZATION." Divanco Oil Company, the reorganized corporation, filed a response on January 3, 1962.

A set of interrogatories propounded by appellee Hughes to the trustee on February 1, 1962, was answered on the following day. The trustee under oath said in substance that the plan for reorganization had been complied with; that nothing remained to be done by the reorganizers under the plan of reorganization; that no further action by him as trustee was needed; and that no reason existed to preclude his discharge as trustee.

1. 11 U.S.C. § 501 et seq.

An April 30, 1963, order of the court recited that " * * * it has come to the attention of the court in open court that there are creditors of Divanco, Inc., or Divanco Oil Co., whose claims have never been determined"; and ordered that all undetermined claims against Divanco, Inc., or Divanco Oil Company be presented on May 15, 1963, and that the application to compel compliance with the plan be heard on that day. Claybrook filed a claim for $26,280.03 allegedly due it from Divanco Oil Company on account of the drilling of two oil wells by Claybrook for Divanco Oil. The contract for the first is dated July 29, 1960, and the well was drilled in September of that year. The contract for the second is dated December 13, 1960, and the well was drilled in that month. Attached to the claim are copies of two lien statements filed against leasehold interests under Oklahoma law. Because of these lien statements Claybrook asserts that it has a secured claim.

On May 15, 1963, a hearing was held. The record contains what is styled "REPORTER'S TRANSCRIPT OF EXCERPT OF PROCEEDINGS." The excerpt deals only with the claims of Claybrook.

On June 14, 1963, the court entered findings of fact, conclusions of law, and judgment. The first paragraph of the "Findings of Fact" reads thus:

"That this is an action pursuant to Chapter X of the Bankruptcy Act: That the plan of reorganization approved by this Court on the 11th day of March, 1960, and confirmed by this Court on the 18th day of April, 1960, has not been consummated and is not now capable of being consummated: That the application of the Trustee to compel compliance with the plan filed herein should be overruled."

The facts on which the court relied in making these conclusionary statements are not stated. The court went on to dispose of claims not pertinent here and to allow the Claybrook claim in a reduced amount as an unsecured claim, saying that Claybrook had failed to perfect its lien. The trial court failed to find the facts which require diminution of the claim or the facts which invalidate the lien.

The "Conclusions of Law" say that the court has jurisdiction of the parties and the subject matter and that:

" * * * this court has jurisdiction in reorganization proceedings to determine preferences and priorities to be accorded claims presented for allowance and payment thereof and all controversies relating thereto pursuant to Section 115 Bankruptcy Act, 11 U.S.C.A. Section 515 and other pertinent provisions of the Statutes."

The "Judgment" is brief and reads thus:

"Judgment is hereby entered herein in conformity with the findings of fact and conclusions of law filed herein on this date and it is so ordered."

We do not approve the use of this form of judgment.

A "Petition for Rehearing" was filed by Claybrook on June 25, 1963. Among other things it says:

"That under Title U.S.C.A. Section 629 the plan of reorganization confirmed herein, has been substantially consummated and the court is without jurisdiction."

We assume that the reference is to 11 U.S.C. § 629.

Another hearing was held on July 18, 1963. Again the record contains excerpts of a reporter's transcript. This shows that the court and counsel treated the "Petition for Rehearing" as a motion for a new trial. On July 25, 1963, the court entered a written order which is pertinent to the extent that it denied, without any stated reasons, the Claybrook petition. Claybrook filed a notice of appeal on August 10, 1963.

The opening brief of appellant Claybrook argues (1) that the finding of

non-consummation of the plan is without record support and should be set aside; (2) that the plan was substantially consummated and, hence, the order violates 11 U.S.C. § 629; and (3) if the plan was not consummated, the order violates 11 U.S.C. § 636.

In their briefs the appellees make no effort to answer the contentions of Claybrook. Instead they move to dismiss the appeal on the grounds that the appeal was untimely.

■■■ The appeal was timely. The parties and the court correctly treated the "Petition for Rehearing" as a motion for new trial. The courts are concerned with substance rather than form. The judgment was entered on June 14, 1963. The Rules of Civil Procedure are applicable under General Order 37 except to the extent that they are inconsistent with the bankruptcy laws. Rule 59(b) requires that a motion for new trial be served not later than 10 days after entry of judgment. Service was made by mailing on June 21, 1963. This was within the 10-day period. Rule 5(b) says that service by mail is complete upon mailing. Rule 5(d) provides that papers required to be served shall be filed with the court "either before service or within a reasonable time thereafter." The petition was filed with the clerk on June 25. In our opinion the filing was within the reasonable time requirement of Rule 5(d). Notice of appeal was filed in compliance with Rule 73(a) within 30 days after the order denying the motion for a new trial.

This brings us to the jurisdiction question. Claybrook attacks the jurisdiction of the trial court to enter the order of June 14, 1963. We must determine the issue without any help from the briefs of the appellees. Indeed, their failure to argue the point leads to the suspicion that they have no answer to the contentions of Claybrook.

The trial court placed reliance for its June 14 order on 11 U.S.C. § 515 which gives the courts plenary equity power in Chapter X proceedings. The difficulty is that this section says that the exercise of the power must not be inconsistent with the provisions of Chapter X.[2]

Section 629(c) of Chapter X says that if a reorganization plan has been substantially consummated, the plan may not be thereafter altered or modified "if the proposed alteration or modification materially and adversely affects the participation provided for any class of creditors or stockholders by the plan."

Section 636 of the same chapter provides that if a plan is not consummated and the petition was filed under § 528 (a voluntary petition) the court upon notice and after hearing may either enter an order adjudging the debtor a bankrupt or dismissing the Chapter X proceedings.[3]

■■■ The order of confirmation stated that the court retained jurisdiction. Although it is proper for the court to superintend and enforce the application of the plan of reorganization,[4] the ultimate purpose of reorganization is to let the corporation go forward under its

2. See also Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 455, 60 S. Ct. 1044, 84 L.Ed. 1293; Young v. Higbee Company, 324 U.S. 204, 214, 65 S. Ct. 594, 89 L.Ed. 890; Hanssen v. Wingren, 10 Cir., 121 F.2d 1011, 1013, certiorari denied 314 U.S. 683, 62 S.Ct. 186, 86 L.Ed. 546; and Weeks v. Ross Concrete and Mortar, Inc., 6 Cir., 289 F.2d 311, 312.

3. See Sylvan Beach v. Koch, 8 Cir., 140 F.2d 852, 862. The record does not disclose whether the petition for reorganiza-

tion was filed as an involuntary proceeding under § 527 or a voluntary proceeding under § 528. The parties treat the petition as a voluntary proceeding and we shall assume that it was. If the petition was an involuntary proceeding § 636 (1) applies and upon lack of consummation the court is required to dismiss the proceeding and "directing that the bankruptcy be proceeded with pursuant to the provisions of this title."

4. E. g., Prudence-Bonds Corp. v. City Bank Farmers Trust Co., 2 Cir., 186 F. 2d 525.

own power in the usual ways of business without judicial restraint or interference. Thus a court may retain jurisdiction, after confirmation, to guarantee that the plan of reorganization is complied with, but it may not keep the corporation in "perpetual tutelage" by exercising control over all aspects of the corporate conduct or by assuming jurisdiction over controversies between the reorganized corporation and third parties.[5] Further, the rule is clear that Chapter X may not be used for the purpose of liquidation.[6]

We have no reason to consider § 629. Its subsection (a) defines the events, the occurrence of which constitutes substantial consummation. Subsection (b) sets forth the procedure for obtaining an order declaring the plan to have been substantially consummated. Subsection (c) covers the effect of substantial consummation. The record does not disclose any effort to proceed under subsection (b).

The trial court held that the plan "has not been consummated and is not now capable of consummation." This holding brings § 636 into play and under applicable subsection (2) requires, after notice, either an adjudication of bankruptcy or a dismissal of Chapter X proceedings. The trial court did neither. The statute must be followed—not ignored. The June 14 order exceeded the statutory powers of the court and must be set aside.

Claybrook asserts that the holding of lack of consummation and incapability of consummation is not sustained by the record. We are unable to decide the issue because the trial court failed to find the facts on which it based its conclusion and, on the presentation to us, we cannot say that the facts are either clear or undisputed.[7] On remand the court must make specific findings of fact which will permit appellate review of its conclusions.

The order of June 14, 1963, is set aside and held for naught and the case is remanded for further proceedings in harmony with the views expressed herein.

---

5. See 6 Collier, Bankruptcy, 14th ed. ¶ 11.20, p. 3932; 11 Remington, Bankruptcy, 1961 Rev. § 4648, p. 468.

6. See In re Colorado Trust Deed Funds, Inc., 10 Cir., 311 F.2d 288, 290.

7. See First National Bank of Fort Smith, Arkansas v. Mattingly, 10 Cir., 312 F. 2d 603, 605; United States v. Horsfall, 10 Cir., 270 F.2d 107, 109–110.