In the Matter of A-COS LEASING COR-
PORATION, Debtor, Petitioner,

v.

Honorable J. INGRAHAM, District Judge
of the United States District Court for
the Southern District of Texas, Hous-
ton Division, Respondent.

In the Matter of SARGE-TEX MOTORS
CORPORATION, Debtor, Petitioner,

v.

Honorable J. INGRAHAM, District Judge
of the United States District Court for
the Southern District of Texas, Hous-
ton Division, Respondent.

Nos. 27256, 27257.

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1969.

1943, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, 1190. The petitioners here maintain, without citing authority, that an appeal is impossible because no parties opposed the petitions that were dismissed below. The petitioners' premise is incorrect. In the Matter of Colorado Trust Deed Funds, Inc., 10 Cir. 1962, 311 F.2d 288. The petitions for writ of mandamus are accordingly denied.

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

Alonza O. C. Sargent, Houston, Tex., for petitioner.

R. F. Wheless, Jr., Houston, Tex., for respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

### ON PETITIONS FOR WRIT OF MANDAMUS

PER CURIAM:

The petitioners ask this Court for a writ of mandamus directing the district judge to vacate his order denying the petitioners relief under Chapter X of the Bankruptcy Act. The writ of mandamus is an extraordinary remedy, and will issue only in limited and unusual circumstances: "(W)hile a function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal, it may not appropriately be used merely as a substitute for the appeal procedure prescribed by the statute." Roche v. Evaporated Milk Association,