In re MAKO, INC., Debtor.

Jack SANTEE, Litigation Trustee, Plaintiff,

v.

J & R MARKETING and Marvin Morse, Defendants,

and

Tulsa Cab Leasing Co., dba J & R Marketing and James A. Brady, Additional Party Defendants,

Retail Marketing Company, Third Party Defendants.

Bankruptcy No. 88–00475.
Adv. No. 90–7008.

United States Bankruptcy Court, E.D. Oklahoma.

May 13, 1991.

Patrick O'Connor, Tulsa, Okl., for plaintiff.

Steven R. Hickman, Tulsa, Okl., for James Brady.

Lee Levinson, Tulsa, Okl., for Marvin Morse.

Steven W. Soule, Tulsa, Okl., for Retail Marketing.

## ORDER

JAMES E. RYAN, Chief Judge.

On this 10th day of May, 1991, this Court considered the Order of the United States District Court for the Eastern District of Oklahoma entered March 18, 1991, which reversed this Court's Order of September 5, 1990, 120 B.R. 203, and remanded this matter to this Court for further proceedings consistent with the District Court's Order. Specifically, the District Court instructed this Court to take and consider evidence of the intent of the parties regarding certain provisions of an ambiguous contract in the form of a Chapter 11 Plan of Reorganization filed pursuant to the United States Bankruptcy Code in the main bankruptcy case to which this adversary proceeding is associated. To that end, the parties acquiesced in RMC filing a written Offer of Proof asserting its intent with regard to the provisions of the Plan which were pertinent to this Order. Said Offer was filed by Retail Marketing Company on April 18, 1991 (Docket Entry # 85) which drew a Response from Defendant, James A. Brady on April 24, 1991 (Docket Entry # 86).

Based upon this Court's review of these pleadings, The Order of September 5, 1990 and the applicable law, we hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## FINDINGS OF FACT

Although RMC strayed somewhat in its Offer of Proof from providing the narrow evidence regarding RMC's intent in relation to its retention of the avoidance powers and its ability to bring adversary proceedings to avoid fraudulent and preferential

transfers, we shall limit the scope of our examination of the Order to RMC's intent as directed by the District Court's remand Order.

1. The Chapter 11 Plan confirmed in this case provides at paragraph 6.01.05, in pertinent part that:

6.01. Upon satisfaction of the conditions precedent set forth in Article XI, confirmation will result in ...

6.01.05 The assumption by RMC all of the debtor's rights in pending litigation constituting contested matters or adversary proceedings in this case, and all pending appeals to which debtor or the liquidating trustee is or was a party on the effective date (other than the litigation described on Exhibit "G" hereto) together with the right to prosecute or defend any other such litigation which the debtor or liquidating trustee may have brought on or before the effective date. Without limiting the generality of the foregoing, RMC shall be entitled to prosecute all objections to claims which may exist on the effective date, or any others to which RMC may object in accordance with the plan, and may appear as the real party in interest in any pending or later instituted contested matter or adversary proceeding filed herein.

2. RMC intended that it be the proper party in any litigation which *permissibly* may have been brought by the Debtor or the Liquidating Trustee, created under the plan, on or before the effective date.

3. RMC also intended that RMC would retain the avoiding powers established under Chapter 5 of the United States Bankruptcy Code, bring adversary Complaints to avoid all identified fraudulent and preferential transfers and retain *for its benefit* the proceeds realized from the successful prosecution of any of these actions, to the extent of $2,350,000.00.

## CONCLUSIONS OF LAW

■ A. By this Court's previous Order as supported by the Order of remand emanating from the United States District Court for the Eastern District of Oklahoma, a Chapter 11 Plan is a contract, subject to the same rules of interpretation as such written contracts. *In re Stratford of Texas, Inc.*, 635 F.2d 365, 368 (5th Cir. 1981). Normally, the intent of the parties to the contract must be ascertained and preserved in any interpretation made by this Court. *Dooley v. Cordes*, 434 P.2d 289 (Okl.1967).

■ However, in this case, the only ascertainable intent was that of RMC, the plan proponent and maker of the contract. This evidence is self serving at best and of little use. In considering this matter and the applicability of "intent" to the interpretation of the Plan in this case, it is the opinion of this Court that by virtue of the confirmation process when the "cramdown" provision of the Bankruptcy Code pursuant to 11 U.S.C. § 1129(b) is utilized, the plan becomes a statutorily permissible contract of adhesion. Such contracts have been defined as being "drafted unilaterally by a business enterprise and enforced upon an unwilling and often unknowing public for services that cannot readily be obtained elsewhere. An adhesion contract is generally not bargained for, but is imposed on the public for a necessary service on a take-it-or-leave-it basis." *Jones v. Dressel*, 623 P.2d 370, 374 (Colo.1981) *as cited in Mullan v. Quickie Aircraft Corp.*, 797 F.2d 845 (10th Cir.1986).

■ In the "cramdown" situation, a creditor who has explicitly informed the Court and the plan proponent that they do not accept the terms of the plan may be forced to accept its terms and thereby lose all bargaining power. Admittedly, adhesion contracts are frequently on standard printed forms and that Plans of Reorganization, arguably, are not standardized forms. However, the use of a standardized form only increases the weight of the argument that a party's bargaining power has been neutralized, but is not the exclusive manner in demonstrating this fact. *Jones v. Dressel, supra* 623 P.2d at p. 374. Although, this is not an Oklahoma Supreme Court case, contracts of adhesion are clearly recognized under Oklahoma Law. *See, e.g., Wilson v. The Travelers Insurance*

*Company*, 605 P.2d 1327 (Okl.1980); *Baker v. Baker*, 710 P.2d 129 (Okl.App.1985).

■ With a contract of adhesion, the intent of the parties becomes less important since the party not formulating the agreement was compelled to abide by its terms. As a result, other rules of contractual interpretation, including construing ambiguous terms against the drafter becomes more important. *See, e.g., Wilson v. The Travelers Insurance Company, supra; Cincinnati Bengals, Inc. v. Bergey*, 453 F.Supp. 129 (D.C.Ohio 1974).

We would stress that this is a statutorily permissible adhesion contract and therefore not unconscionable and of no effect as a matter of law. Clearly, not every adhesion contract is unconscionable. *See, e.g., Lechmere Tire and Sales Company v. Burwick*, 360 Mass. 718, 277 N.E.2d 503 (1972). In fact, in the State of Oklahoma, insurance contracts as a matter of course are deemed to be "adhesion contracts" but are enforceable. *See Wilson v. The Travelers Insurance Company, supra.*

As a result, the issue of the parties "intent" under the Plan of Reorganization confirmed in this case is irrelevant and, in fact, misleading since the only intent available is that of RMC as the plan proponent. Unilateral intent is subject to bias and favorable hindsight modification.

B. We would also point out that the issue of contract ambiguity was not the linchpin of this Court's Order of September 5, 1990 which denied RMC the ability to continue the prosecution of various avoidance adversary proceedings. This issue was addressed upon the urging of the parties in briefing this matter and was included in the Order to only address the concerns of the parties.

The great weight of the decision rendered by this Court on September 5, 1990 was based on legal considerations. The above-referenced adversary proceeding is one of but four such adversaries raising the same legal issues, the other three of which are currently pending appeal before the United States Court of Appeals for the Tenth Circuit at the behest of RMC. We would *strongly urge* that the parties scruti-

nize in detail the legal arguments reflected in the September 5, 1990, Order at Conclusions of Law paragraph B which is incorporated herein by reference and attached hereto for the convenience of the parties.

■ To reiterate, as a matter of law, RMC was not a properly appointed representative of the estate as required by § 1123(b)(3)(B) and thus was not possessed with the requisite authority to prosecute avoidance actions pursuant to Chapter 5 of the United States Bankruptcy Code. Further, we take special note of the fact that the affidavit of the principal of RMC attached to the Offer of Proof filed herein once again asserts RMC's intent that funds derived from the successful prosecution of the avoidance actions be applied against administrative claims paid by RMC. This is in complete contravention to the current state of the law, wherein such funds recovered must be utilized for the benefit of the unsecured creditors of the estate. To that end, we would refer the parties once again to the September 5, 1990 Order at Conclusions of Law paragraph C, which this Court, again, incorporates herein by reference, for the purpose of demonstrating this Court's opinion on within whom proper standing to bring these avoidance actions actually lies (i.e., in the Litigation Trustee established under the confirmed plan in this case.)

C. In summary, we have noted herein the unilateral intent of RMC with regard to the ambiguous provisions of the Chapter 11 plan confirmed in this case while at the same time, determining that such intent is irrelevant under the "cramdown" provisions of the United States Bankruptcy Code. Further, we reiterate our position that as a matter of law, RMC is unable to prosecute the avoidance actions, including this one, which will result in the proceeds realized from the successful prosecution of these actions going to RMC either in whole or in part.

IT IS THEREFORE ORDERED that the action remain dismissed as to Plaintiff RMC and that the Litigation Trustee re-

main as the property party Plaintiff to continue the prosecution of this action.