**In re BANKEAST CORPORATION, Debtor.**

**Bankruptcy No. 90–1981.**

United States Bankruptcy Court, D. New Hampshire.

June 2, 1992.

Steven N. Fuller, Manchester, N.H., for creditor James A. Feeley.

Steven J. Marullo, Boston, Mass., for creditor Frederic R. Dawe.

Van Oliver, Andrews & Kurth L.L.P., Dallas, Tex., for Van Oliver, Trustee.

Daniel W. Sklar, Manchester, N.H., Christopher J. Marshall, McLane, Graf, et al., Manchester, N.H., Brian P. Leitch, Arnold & Porter, Washington, D.C., for BankEast Corp.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This matter came on for hearing before the Court on May 26, 1992, on Frederic Dawe's motion for an order directing the trustee of the creditor's trust (the "plan trustee") to render an accounting and for other relief. That motion is denied because this Court did not retain jurisdiction for such relief.

This Court made it crystal clear in the confirmation process and in the confirming order that the Court would only retain jurisdiction for enumerated items necessary as per the confirming order dated September 4, 1991. *See In re BankEast Corp.*, 132 B.R. 665 (Bankr.D.N.H.

1991). It has not been argued to me today that this request comes under any of those specific enumerated retentions.

■ The argument that the Court still has jurisdiction because the final decree has not been entered is incorrect as a matter of law. *In re Flatbush Ave.—Nevins St. Corp.*, 133 F.2d 760 (2d Cir.1943) ("Congress did not intend that the Bankruptcy Court should, after an approval of a plan ... have power to remain a wet-nurse to the reorganized company. A bankruptcy court cannot obtain that power merely by inserting a provision reserving jurisdiction"); *In re Almarc Corp.*, 94 B.R. 361 (Bankr.E.D.Pa.1988). Many things can hold up a final decree but whether the Court has retained jurisdiction or not depends precisely on what is provided in the confirming order. The things that are going on now leading to the final decree are not relevant to this motion.

■ I am somewhat concerned that the plan proponents and trustee saw fit to not comply with the Court order on the final decree deadline, or seek an extension by motion, but the appropriate response is not to ex parte amend the confirmation order to retain additional jurisdiction not previously specified.

■ My basis for this decision, and the decision that I made in this case originally retaining limited jurisdiction, is that these parties have struck a deal in the confirmed plan under which they have enforceable contractual arrangements. They can rely on those contractual relationships and if breached they can sue in an appropriate forum.

That forum is not this Court. The reason it is not is that we have many new debtors with *present* needs for the time and attention of this Court and the procedures of chapter 11 of the Bankruptcy Code. It is essential if the Court is to handle its current heavy caseload effectively that reorganized debtors leave the shelter of this Court as soon as possible—

protected by their contractual rights under the confirmed plan.

■ The fact that a bankruptcy court confirms a plan simply restructures the contractual obligations of the parties involved and it is well-settled that those parties can in fact sue upon those contractual obligations. *Paul v. Monts*, 906 F.2d 1468, 1476 (10th Cir.1990) (the enforcement and modification provisions of the Bankruptcy Code pertaining to Chapter 11 plans of reorganization do not preempt a claim for breach of contract premised on the plan of reorganization); *In re Mako, Inc.*, 127 B.R. 474, 476 (Bankr.E.D.Okl.1991) (a plan of reorganization utilizing the Code's cramdown provisions "becomes a statutorily permissible contract of adhesion"); *In re Page*, 118 B.R. 456, 460 (Bankr.N.D.Tex. 1990) ("the plan becomes a binding contract between the debtor and the creditors and controls their obligations"); *In re Valley Park Group*, 96 B.R. 16, 24 (Bankr. N.D.N.Y 1989) ("Confirmation of the plan marks the beginning of the reorganized debtor's new financial life. New legal relationships are established and old ones are modified or terminated.") (citations omitted). Where, as here, the Court specifically retained jurisdiction only for limited purposes, litigation regarding the reorganized company's contractual obligations does not belong in this Court.

The fact that Mr. Dawe can be outvoted by two-thirds of the members' committee is a fact inherent in the structure of that committee as per the plan of reorganization that was confirmed. This Court has no warrant to order the plan trustee to put Mr. Dawe on the disposition committee or do anything else in that regard.

If the plan trustee breaches his fiduciary obligations in any way there are appropriate remedies at law and in equity in the appropriate state and federal courts. Likewise if there is any failure to account, there are recognized remedies for that as well. For all of these reasons, the motion in question is appropriately denied.[1]

---

1. I am advised that the trustee has voluntarily turned over various items of information to the movant. To the extent that the parties can amicably agree to an exchange of information that of course is to be encouraged as an alternative to litigation.

■ With regard to the failure of the plan proponents to apply for a final decree by December 31, 1991, the Court will not consider any order on that matter at this point since no appropriate motion is before me and it may be arguable that there is some question about entering the final decree while one claim matter is unresolved that affects one of the class distributions. As I've indicated that can be taken care of by appropriate provisions in the final decree, reserving specific jurisdiction on the claim matter and providing for alternative future distribution to that class depending on the resolution of the contingencies involved. However, if there is no appropriate application to enter a final decree in this Court within 30 days, or a well-founded application to extend that deadline for good cause, the Court sua sponte will take up that violation of its order and impose appropriate sanctions.

DONE and ORDERED.