985 F.2d 1052
 23 Bankr.Ct.Dec. 1658, Bankr. L. Rep. P 75,147
 In re MAKO, INC. Debtor.
RETAIL MARKETING COMPANY, Appellant,
v.
William R. KING, Appellee.
In re MAKO, INC. Debtor.
RETAIL MARKETING COMPANY, Appellant,
v.
Saragene RHUEMS, Appellee.
In re MAKO, INC. Debtor.
RETAIL MARKETING COMPANY, Plaintiff-Appellant,
v.
J & R MARKETING and Marvin Morse; Tulsa Cab Leasing Co.;
James A. Brady; Jack Santee, Trustee, Defendants-Appellees.
 Nos. 91-7049, 91-7050 and 92-7122.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 16, 1993.
 
 Thomas A. Creekmore III (Steven W. Soule also of Hall, Estill, Hardwick, Gable, Golden & Nelson, with him, on the briefs), Tulsa, OK, for appellant.
 Ron Wright of Kennedy, Wright, Stout & Fite, Muskogee, OK, for appellee William R. King (Ronald D. Wood, Tulsa, OK, with him, on the brief, for appellee Saragene Rhuems).
 Before LOGAN, BARRETT and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Retail Marketing Company (RMC) appeals orders of the district court dismissing its adversary proceedings against the defendants-appellees and affirming orders of the bankruptcy court holding that RMC lacked standing to prosecute the avoidance actions brought against defendants.[1]
 
 
 2
 In June 1989, the bankruptcy court confirmed a Chapter 11 plan for Mako, Inc. proposed by a creditor. Under that plan, RMC, a stranger to the estate, purchased the assets of the debtor corporation, Mako, Inc., and assumed its priority and secured debt. To meet the § 1129(a)(9)(A)[2] requirement that all administrative claims be satisfied before the plan's confirmation, RMC specifically stated that it would pay all such claims, regardless of their amount. Although these claims were initially estimated at $2,350,000, RMC has had to pay nearly $1,000,000 more than that to satisfy all administrative claimants. The Chapter 11 plan also established a liquidating trustee, to transfer assets from the debtor to RMC, and a litigation trustee, to pursue certain adversarial actions on behalf of unsecured creditors.
 
 
 3
 After the effective date of the plan, RMC instituted this litigation against the various defendants-appellees. These defendants' motions for summary judgment were granted by the bankruptcy court and ultimately affirmed by the district court, both courts agreeing that neither the plan nor the Bankruptcy Code permitted RMC to exercise the avoidance powers. The cases were consolidated on appeal.
 
 
 4
 Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An order granting summary judgment is a legal determination subject to de novo review. Hatfield v. Burlington N. Ry., 958 F.2d 320, 321 (10th Cir.1992). Mixed questions of law and fact are also subject to de novo review. In re Ruti-Sweetwater, 836 F.2d 1263, 1266 (10th Cir.1988).
 
 
 5
 Section 1123(b)(3) provides that a reorganization plan may provide for
 
 
 6
 (A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or
 
 
 7
 (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest[.]
 
 
 8
 At issue in this case is whether the plan appoints RMC as a "representative of the estate" under that section, with authority to enforce the particular avoidance claims at issue. In Citicorp Acceptance Co. v. Robison (In re Sweetwater), 884 F.2d 1323, 1326 (10th Cir.1989), this court adopted the test for non-debtor, non-trustee parties seeking to qualify as representatives under § 1123(b)(3)(B) that was articulated in Temex Energy, Inc. v. Hastie & Kirschner (In re Amarex, Inc.), 96 B.R. 330 (W.D.Okla.1989).
 
 
 9
 That test is as follows: "Under § 1123(b)(3)(B), a party who is neither the debtor nor the trustee but who seeks to enforce a claim must establish two elements: (1) that it has been appointed; (2) that it is a representative of the estate." Id. at 334. The first element requires that the appointed party be approved by the court, which can be accomplished simply by approval of the plan. Sweetwater, 884 F.2d at 1326. Determining a party's representativeness under the second element is more involved. It requires the court to decide "whether a successful recovery by the appointed representative would benefit the debtor's estate and particularly, the debtor's unsecured creditors." Id. at 1327 (internal quotation omitted).
 
 
 10
 Whether RMC has satisfied the requirements of the first element of this test hinges on the interpretation of paragraph 6.01.05 of the plan, which purports to appoint RMC as the representative of the estate for certain purposes. It provides that confirmation of the plan will result in[t]he assumption by RMC of all the debtor's rights in pending litigation constituting contested matters or adversary proceedings in this case, and all pending appeals to which debtor or the liquidating trustee is or was a party on the effective date ... together with the right to prosecute or defend any other such litigation which the debtor or liquidating trustee may have brought on or before the effective date. Without limiting the generality of the foregoing, RMC shall be entitled to prosecute all objections to claims which may exist on the effective date, or any others to which RMC may object in accordance with the plan, and may appear as the real party in interest in any pending or later instituted contested matter or adversary proceeding filed herein.
 
 
 11
 Focusing in particular on the phrases "may have brought," "may exist," and "later instituted contested matter or adversary proceeding," RMC has maintained throughout this litigation that this paragraph gives it authority to bring avoidance actions that had not been initiated on or before the effective date. Both the bankruptcy court and the district court concluded that this language was ambiguous because "it could 'be interpreted to mean that only actions pending on the effective date are truly retained under the Plan, with RMC assuming the position of the Debtor or the Liquidating Trustee at that time and not preserving any right in RMC to initiate litigation on its own accord.' " District Court Order at 4, quoting Bankruptcy Court Order at 7.
 
 
 12
 We agree with those courts that "have relied upon the express provisions of plans of reorganization that confer the right to bring particular kinds of actions on a particular party in concluding that that party has been appointed for § 1123 purposes." Amarex, 96 B.R. at 334 (plan provided that all claims for return of preference payments or fraudulent transfers were preserved and retained for enforcement by reorganized debtor); see also Kroh Bros. Development Co. v. United Missouri Bank (In re Kroh Bros. Development Co.), 100 B.R. 487, 497 (Bankr.W.D.Mo.1989) (appointment under § 1123 does not require "magic words," but record was "replete" with proceedings recognizing that party in question would become a representative of the estate); Tennessee Wheel & Rubber Co. v. Captron Corporate Air Fleet (In re Tennessee Wheel & Rubber Co.), 64 B.R. 721, 723 (Bankr.M.D.Tenn.1986) (plan designated post-confirmation representative of the estate specifically to recover assets under §§ 547, 548); Xonics, Inc. v. E & F King & Co. (In re Xonics), 63 B.R. 785, 786 (Bankr.N.D.Ill.1986) (plan provided that debtors retained all causes of action against third parties including actions under §§ 547, 550); Perlstein v. Saltzstein (In re AOV Indus., Inc.), 62 B.R. 968, 970 n. 1 (Bankr.D.D.C.1986) (plan provided that upon confirmation "the Debtors shall assign to the Disbursing Agent their powers under Sections 547 and 548 of the Bankruptcy Code"). Here the provision of the plan purporting to confer authority on RMC to initiate avoidance actions after confirmation of the plan is vague. In assessing what power the plan intended to confer on RMC we must also consider that paragraph 6.04 of the plan created the office of the "Litigation Trustee," who was authorized to "act on behalf of all unsecured creditors." We hold that there must be clear evidence of the reservation of the avoidance powers RMC seeks to assert for it to have been appointed under the plan to exercise such powers. Because this evidence is lacking, RMC is not empowered to bring this litigation.[3]
 
 
 13
 This presumption against reservation of avoidance powers without clear evidence is consistent with the second element of the Sweetwater test--that the party appointed under § 1123 represent the estate. The fundamental principle underlying this requirement is that "post-petition avoidance actions should be pursued in a manner that will satisfy the basic bankruptcy purpose of treating all similarly situated creditors alike; one or more similarly situated creditors should not be able to pursue an avoidance action for their exclusive benefit." Sweetwater, 884 F.2d at 1328. The requirement that retention of the avoidance powers be clear serves to protect the unsecured creditors and to ensure that post-confirmation avoidance proceedings are for their benefit. This is particularly so when, as here, another person designated "Litigation Trustee" has been appointed to act on behalf of the unsecured creditors.
 
 
 14
 Although we have approved the prosecution of avoidance actions for the benefit of administrative claimants, see id. at 1327, the uncontested finding of the bankruptcy court was that under the plan "RMC is not obligated in any way to distribute any proceeds realized from the successful prosecution of this avoidance action to the unsecured creditors of the estate." Bankruptcy Court Order at 5. By bringing these avoidance actions RMC is seeking to recoup money it was obligated to pay under § 1129(a)(9)(A). A successful recovery from defendants will work only to the benefit of RMC.
 
 
 15
 We therefore AFFIRM the district court's determination and judgment that RMC does not have authority to pursue the actions before us on appeal.
 
 
 
 [1]
 During the pendency of this appeal, defendant-appellee James A. Brady (in No. 92-7122) filed a bankruptcy proceeding in the Northern District of Oklahoma, 92-04312-C, which remains pending. Accordingly, the automatic stay provision, 11 U.S.C. § 362, which stays judicial actions "against the debtor," prohibits us from adjudicating the plaintiff-appellant's claims against Brady. Ellis v. Consolidated Diesel Elec. Corp., 894 F.2d 371, 373 (10th Cir.1990) (inception of case determines applicability of automatic stay). We hereby order abatement of all proceedings in this appeal No. 92-7122 as to, and only as to, defendant-appellee James A. Brady, pending further order of this court. We are not enjoined from proceeding with this matter, however, as to the remaining codefendants or the other consolidated appeals. Bath v. Bushkin, Gaims, Gaines & Jonas, 913 F.2d 817, 818 n. 1 (10th Cir.1990); Otoe County Nat'l Bank v. W & P Trucking, Inc., 754 F.2d 881, 882-83 (10th Cir.1985); Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1329-30 (10th Cir.1984)
 Defendant-appellee Brady shall notify this court forthwith of any termination of the stay resulting from the above-described bankruptcy, or shall file status reports with this court on or before ninety days after entry of this opinion.
 
 
 [2]
 All statutory references are to title 11 of the United States Code, the Bankruptcy Code
 
 
 [3]
 We note that in a related proceeding, the Bankruptcy Court of the Eastern District of Oklahoma held that
 [b]ecause the confirmation of a Chapter 11 Plan dissolves the bankruptcy estate and the rights and powers created under the Bankruptcy Code, the retention provision of § 1123(b)(3)(B) requires specific and unequivocal language of reservation. Without this language, the avoidance powers of the Trustee ... perish and become unenforceable. As a result, the broad language utilized in RMC's Plan is not sufficient to appoint RMC to prosecute the avoidance actions since we find that the powers themselves were not properly retained.
 Retail Marketing Co. v. Northwest Nat'l Bank (In re Mako, Inc.), 120 B.R. 203, 209 (Bankr.E.D.Okla.1990). Although the bankruptcy court revisited the case after a reversal and remand, see 127 B.R. 474 (Bankr.E.D.Okla.1991), this reasoning was not affected by the court's reconsideration of the case. Id. at 477.