5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RETAIL MARKETING COMPANY, Plaintiff-Appellant,
v.
James A. BRADY, Defendant-Appellee.
 No. 92-7122.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before LOGAN, BARRETT, and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In Retail Marketing Co. v. King (In re Mako, Inc.), 985 F.2d 1052 (10th Cir.1993), we held that plaintiff Retail Marketing Company (RMC) lacked standing to prosecute avoidance actions against a number of defendants relating to the bankruptcy of Mako, Inc. However, we abated proceedings with respect to defendant James A. Brady because he had recently filed a bankruptcy proceeding. See id. at 1053 n. 1. By an order of July 6, 1993, the Bankruptcy Court for the Northern District of Oklahoma modified the automatic stay provisions of 11 U.S.C. Sec. 362 to permit this court to adjudicate the pending dispute between RMC and Brady.
 
 
 3
 Brady's position is indistinguishable from that of the other defendants who prevailed in that appeal. It is therefore ordered that the decision of the district court is AFFIRMED on the basis of our earlier decision in Retail Marketing Co. v. King (In re Mako, Inc.), 985 F.2d 1052 (10th Cir.1993).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3