In re SCOTLAND GUARD SERVICES, INC., Debtor.

SCOTLAND GUARD SERVICES, INC., Plaintiff,

v.

AUTORIDAD de ENERGIA ELECTRICA, et al., Defendants.

Bankruptcy No. B–86–01773 (ESL).
Adv. No. 92–0007.

United States Bankruptcy Court, D. Puerto Rico.

Dec. 14, 1993.

Ricardo Skerritt, Woods & Woods, Hato Rey, PR, for plaintiff/debtor.

Karen M. Loyola Peralta, San Juan, PR, for defendant Puerto Rico Electric Power Authority.

Viviana Rodriguez, Federal Litigation Div., P.R. Dept. of Justice, San Juan, PR, for co-defendants Julio Capo Capo, Roberto A. Pietri Bonilla, Edwin Miranda, Hector Rosario and Jose .Del Valle.

### *OPINION AND ORDER*

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the court upon the motion to dismiss by co-defendants Julio Capo Capo, Roberto A. Pietri Bonilla, Edwin Miranda, Hector Rosario and Jose del Valle, as well as the briefs filed by the parties following the status conference held on April 24, 1992. At that time, the court asked the parties to brief the following issues:

1.  whether this matter is a core or non-core proceeding;

2.  whether a right to a jury trial exists in this proceeding;

3.  whether the court has jurisdiction in light of the fact that the plan of reorganization was confirmed in 1988, and that the court found that said plan had been substantially consummated in its opinion and order of August 21, 1991.

## Findings of Fact

Scotland Guard filed this adversary complaint on January 30, 1992, against Autoridad de Energia Electrica (AEE) and certain of its officials, alleging various causes of action and claiming damages resulting therefrom.

Scotland Guard signed a contract for the provision of security services with AEE on June 1, 1983, for a period from June 1, 1983 to May 31, 1985. Said contract was subsequently extended. On January 30, 1989, Scotland Guard and AEE entered into another contract, effective February 1, 1989, for a period of two years, renewable at AEE's option for two additional one-year periods. On or about January 30, 1991, AEE notified Scotland Guard in writing that its contract would not be renewed.

Scotland Guard alleges that AEE and the individual co-defendants refused to allow them to bid for another contract to provide security services to AEE, in violation of the Constitutions and laws of the United States and Puerto Rico.

Scotland Guard filed its petition for reorganization under Chapter 11 of the Bankruptcy Code on September 26, 1986. Its plan of reorganization was filed on April 6, 1988 (dkt. # 63), and was confirmed on June 21, 1988 (dkt. # 82). Subsequent to the loss of its contract with AEE, Scotland Guard moved the court to modify its confirmed plan; however, the court found that the plan had been substantially consummated and therefore could not be modified. *In re Scotland Guard Services, Inc.*, 139 B.R. 264 (Bankr.D.P.R.1991).

## Conclusions of Law
### Core and Non–Core Matters

■ The court asked the parties to address whether this is a core or non-core proceeding. The complaint herein alleges violations of debtor's due process rights under the Fifth and Fourteenth Amendments of the United States' Constitution and Article II, Section 7 of the Constitution of Puerto Rico, equal protection rights under the Fourteenth Amendment of the United States' Constitution and Article II, Section 7 of the Constitution of Puerto Rico, and civil rights under 42 U.S.C.A. §§ 1982 and 1983, as well as breach of contract and loss of reputation, credit, business opportunities and goodwill. Debtor's argue that this is a non-core proceeding, and should therefore be referred to the district court. Defendants agree that this is a non-core proceeding; they argue that it is not a related proceeding and is thus not within the jurisdiction of the bankruptcy court, or, in the alternative, if it is a related proceeding, it may not be heard by the bankruptcy court because the plaintiff demands a jury trial.

■ This court discussed core and non-core matters in *In re MEC Steel Buildings, Inc.*, 136 B.R. 606 (Bankr.D.P.R.1992). Core proceedings are those involving matters arising under title 11 or arising in a case under title 11 of the United States Code; that is, they would not exist outside of bankruptcy. 1 Daniel R. Cowans, *Bankruptcy Law and Practice* § 1.2 at 31 (1989). Core matters, as inherently bankruptcy matters, can be determined by bankruptcy judges. The Judicial Code in § 157(b)(2) presents a non-exclusive list of core matters. 28 U.S.C.A. § 157(b)(2).

■ On the other hand, with regard to matters described as non-core but otherwise related to the bankruptcy case a bankruptcy judge is limited to:

... submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C.A. § 157(c)(1). Despite the above stated, a bankruptcy judge may enter final orders and judgments concerning non-core but related matters if all parties to the proceeding have consented. 11 U.S.C.A. § 157(c)(2); *In re G.S.F. Corp.*, 938 F.2d 1467, 1477 (1st Cir.1991).

■ A determination of whether a controversy is core or non-core lies in its relation to the basic functions of the bankruptcy court, and not on the federal or state basis for the claim. *In re Arnold Print Works, Inc.*, 815 F.2d 165, 169 (1st Cir.1987). If the

proceeding, by its nature, arises only within the bankruptcy context because it involves a right created by federal bankruptcy law, then it is a core proceeding. *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter. 1 Lawrence P. King, et al., *Collier on Bankruptcy* par. 3.01[1][c][iv] at 3–27 (15th ed. 1991) citing *In re Colorado Energy Supply, Inc.,* 728 F.2d 1283 (10th Cir.1984). Non-core proceedings include the situation where the debtor has a cause of action against a third party based on nonbankruptcy law. 2 Robert E. Ginsberg and Robert D. Martin, *Bankruptcy: Text, Statutes, Rules* S 1.03[c] at 1–66 (3rd ed. 1992).

The court agrees with the parties that this is a non-core matter. Thus, it may, at most, submit proposed findings of fact and conclusions of law to the district court for a final determination.

### Right to Jury Trial

██ Plaintiff/debtor has demanded a trial by jury. It argues that such a right exists on its claims for damages for breach of contract, loss of reputation, and violation of 42 U.S.C. §§ 1982 and 1983. Defendant argues that plaintiff has no right to a jury trial before the bankruptcy court because this is a non-core proceeding and, furthermore, because debtor is a corporation and voluntarily invoked the jurisdiction of the bankruptcy court, thereby consenting to trial without a jury.

██ The right to a jury trial in bankruptcy involves two separate inquiries—the existence of such a right, and the ability of a bankruptcy court to conduct a jury trial. Part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") legislation, enacted by Congress in 1984 in response to the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), included the following provision regarding jury trials:

> ... this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

28 U.S.C. § 1411(a) (1984). Subsequently, the Supreme Court held in *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), that a creditor which had not filed a proof of claim in the bankruptcy case had a Seventh Amendment right to a jury trial of its fraudulent conveyance action. According to one commentator's analysis, there is thus no right to a jury trial in bankruptcy if the claim is "equitable" rather than "legal", if the claim asserted is a "public right" which has been assigned by Congress to a tribunal which does not hold jury trials or is a specialized court of equity, or if the party has submitted to the jurisdiction of the court, such as by filing a proof of claim. 3 David G. Epstein, et al., *Bankruptcy* § 12–14, p. 231 (West 1992). As to that third element, the author states:

> A related and yet unanswered question concerns the debtor's right to seek a jury. Presumably the debtor's filing of the petition is a more significant and overt concession to the Court's equitable jurisdiction even than a creditor's filing a claim and thus should be read as a forfeiture of all rights to a jury. However, if one reads the Supreme Court's language as limited strictly to "claims", he might come to the opposite conclusion. We believe one who has filed a voluntary petition in bankruptcy is never entitled to a jury trial in that court.

*Id.* at § 12–15, p. 237. (*Accord* Ginsberg, *Bankruptcy: Text, Statutes, Rules* § 1.02[i] at 1–44 ("[M]any courts are unwilling to allow the debtor a jury because the debtor voluntarily chose the forum...."))

As of this date the circuits are divided as to whether the bankruptcy judge has the authority to preside over a jury trial. The Second Circuit decided in *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.1990), that the bankruptcy court has statutory authority under the Bankruptcy Code to conduct jury trials and that jury trials of core proceedings in bankruptcy court do not violate Article III of the Constitution. The Eighth Circuit expressly declined to follow *Ben Cooper* and held in *In re United Missouri Bank of*

*Kansas City & N.A.,* 901 F.2d 1449 (8th Cir.1990), that a bankruptcy judge lacks express or implicit authority to conduct jury trials. The Seventh, Sixth and Tenth Circuits have also held that bankruptcy courts may not preside over jury trials. *In re Grabill Corp.,* 967 F.2d 1152 (7th Cir.1992); *Rafoth v. National Union Fire Insurance Co.,* 954 F.2d 1169 (6th Cir.1992); *In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir. 1990).

However, it is a generally accepted principle that a bankruptcy judge cannot conduct a jury trial if the matter is a non-core, related proceeding. Ginsberg, *Bankruptcy: Text, Statutes, Rules* § 1.02[k][1] at 1–46, citing *In re Cinematronics, Inc.,* 916 F.2d 1444 (9th Cir.1990); *Beard v. Braunstein,* 914 F.2d 434 (3rd Cir.1990).

In light of the foregoing, the court concludes that plaintiff does not have a right to a jury trial before the bankruptcy court.

### *Jurisdiction after Confirmation of Plan and Substantial Consummation*

■ Scotland Guard alleges that this court retains jurisdiction over this adversary proceeding, even in light of the confirmation and substantial consummation of the plan in the bankruptcy case. It argues (1) the court retains some jurisdiction after confirmation under the Bankruptcy Code and Rules, (2) jurisdiction continues over a related adversary proceeding even following dismissal of the underlying bankruptcy case, (3) the plan provided for the retention of jurisdiction in Article IX, (4) the court should exercise jurisdiction in order to effectuate the plan, (5) the court should exercise jurisdiction in the interest of judicial economy, and (6) this court has jurisdiction pursuant to the federal statutes under which plaintiff is bringing its causes of action.

Article IX of debtor's plan of reorganization provides:

1. Until the case is closed, the Court shall retain jurisdiction to insure that the purpose and intent of this Plan are carried out. The Court shall retain jurisdiction to hear and determine all claims against the Debtor and to enforce all causes of action which may exist on behalf of the Debtor. Nothing herein contained shall prevent the Debtor from taking such action as may be necessary in the enforcement of any cause of action which may exist on behalf of the Debtor and which may not have been enforced or prosecuted by the Debtor heretofore.

1. After the Effective Date [defined in the plan as "Ninety (90) days after the date on which the Order confirming the Plan becomes final and unappealable."], the Bankruptcy Court also will retain jurisdiction of the Case for purposes of:

.  .  .  .  .

c. enabling the Debtor to consummate any proceedings, brought prior to the Confirmation Date....

The court's order confirming the plan of reorganization does not specifically address the retention of jurisdiction.

Although courts differ over the extent of their post-confirmation jurisdiction, they generally recognize the existence of some residual authority over a confirmed chapter 11 case, whether it is derived from the general power of courts to enforce their decrees or from specific sections of the Bankruptcy Code. *In re Cinderella Clothing Industries, Inc.,* 93 B.R. 373, 376–7 (Bankr.E.D.Pa.1988).

■ A bankruptcy court's retention of post-confirmation jurisdiction, while limited, exists to ensure compliance with the provisions of the Bankruptcy Code, as well as the execution of debtor's plan. *In re Campbell Sixty Six Express, Inc.,* 147 B.R. 200, 201 (Bankr.W.D.Mo.1992); *In re Pioneer Investment Services Company,* 141 B.R. 635, 641 (Bankr.E.D.Tenn.1992). Whether or not the court retains jurisdiction, and to what extent, depends upon the provisions of the confirmation order. *In re BankEast Corporation,* 142 B.R. 12, 14 (Bankr.D.N.H.1992). The court must balance the need to retain post-confirmation jurisdiction with the need to end the reorganization process at some time. *Pioneer Investment,* 141 B.R. at 640; *In re Greenley Energy Holdings of Pennsylvania, Inc.,* 110 B.R. 173, 180 (Bankr.E.D.Pa.1990). In discussing the scope of post-confirmation jurisdiction of the bankruptcy court, Judge

Yacos cited an opinion of the Second Circuit Court of Appeals which states:

> [T]he bankruptcy court by confirming a plan of reorganization does not guarantee that the plan will be carried out regardless of what may befall the new corporation; nor does it have ancillary jurisdiction to control litigation respecting future events which may affect the new corporation's ability to carry out the plan.

*In re Bankeast Corporation,* 132 B.R. 665 (Bankr.D.N.H.1991), citing *In re Ambassador Hotel Corp.,* 124 F.2d 435 (2d Cir.1942).

In the case at bar, this adversary proceeding was filed after the confirmation of the chapter 11 plan, and after said plan was substantially consummated. This adversary proceeding was not pending when the court entered its confirmation order. While Article IX of debtor's plan provides that the court shall retain jurisdiction to enforce all causes of action which may exist on behalf of debtor, it further specifies that · after the effective date of the plan, the court will retain jurisdiction for the purpose of enabling debtor to consummate any proceeding brought *prior* to the date of confirmation (emphasis added). It has been held that the bankruptcy court's post-confirmation jurisdiction is restricted to only those matters pending at the time of confirmation. *Greenley,* 110 B.R. at 182, citing *In re J.M. Fields, Inc.,* 26 B.R. 852 (Bankr.S.D.N.Y.1983).

Although the court may retain jurisdiction over the plan during its consummation, a reservation of jurisdiction beyond what is necessary to effectuate the plan is beyond the power of the bankruptcy court. *In re Almarc Corp.,* 94 B.R. 361, 365 (Bankr. E.D.Pa.1983); *In re Tri–L Corporation,* 65 B.R. 774, 778 (Bankr.D.Utah 1986). The court cannot obtain that power by inserting a provision in the plan of reorganization or the order of confirmation reserving jurisdiction. *Tri–L,* 65 B.R. at 778. The court in *Tri–L* cited *Claybrook Drilling Co. v. Divanco,* 336 F.2d 697 (10th Cir.1964), wherein it was stated:

> [A] court may retain jurisdiction, after confirmation, to guarantee that the plan of reorganization is complied with, but it may not keep the corporation in "perpetual tutelage" by exercising control over all aspects of the corporate conduct or by assuming jurisdiction over controversies between the reorganized corporation and third parties.

*Id.*

The court finds that it does not have jurisdiction over this adversary proceeding in light of the confirmation and substantial consummation of debtor's plan. The court's limited post-confirmation retention of jurisdiction does not encompass the matters which comprise this adversary proceeding.

### *Conclusion*

The court finds that it lacks jurisdiction to hear this matter, and therefore grants the co-defendant's motion to dismiss. The clerk shall enter judgment accordingly.

SO ORDERED.